KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

December 8, 2020

The Honorable Ronnie Abrams, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007
(212) 805-0284

  Re: *United States ex rel. Hart v. McKesson Corp.*, No. 1:15-cv-00903-RA

Dear Judge Abrams:

  Relator Adam Hart respectfully submits this response to the Defendants' Notice of Supplemental Authority filed on December 7, 2020. Defendants claim that *United States ex rel. Suarez v. AbbVie, Inc.*, 2020 WL 7027446 (N.D. Ill. Nov. 30, 2020) provides "further support" for their Motion to Dismiss. In reality, this recent decision confirms that, even if a "substantial and independent value" standard exists for determining what constitutes an illegal kickback (and it does not), the Margin Analyzer and Regimen Profiler easily satisfy that standard.

  In *Suarez*, the relator alleged that a pharmaceutical company gave kickbacks to physicians related to its drug Humira in the form of a support service called the Ambassador Program, which allegedly generated time-saving benefits, allowing doctors to "see more patients, bill for more patients, and boost the bottom line." *Id.* at *1, 4 (internal citations and alterations omitted). The court found the allegations gave rise to "an inference that Ambassadors' services confer substantial independent value on physicians," since "the Ambassador Program extend[ed] well beyond basic product support" for Humira and "reduc[ed] [physicians'] administrative work," even for physicians that did not prescribe Humira. *Id.* at *9, 10 (internal citations omitted). Thus, the court held that the relator had adequately pled that "Ambassadors' services confer substantial independent value on physicians." *Id.* at *10. Like the Ambassador Program, the Margin Analyzer and Regimen Profiler eliminate an expense for physicians. *See* Am. Coml. ¶ 110. Defendants' sales personnel specifically emphasized how the Margin Analyzer "can be used to increase practice group revenue while reducing administrative costs." *Id.* ¶ 64. And the fact that these value-added business tools were provided free to physician practices, but only if the practice committed to purchasing the majority of their drugs from Defendants, *see id.* ¶ 69, establishes that these tools are not integrally related to Defendants' sale of drugs.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Ronnie Abrams
December 8, 2020
Page 2

      Defendants correctly note that the *Suarez* court did limit the relator's claims to a specific geographic area, finding that the complaint did not contain sufficient allegations of nationwide conduct. *See Suarez*, 2020 WL 7027446, at *13. Here, by contrast, Relator has specifically pled that Defendants' provided illegal kickbacks to practice groups nationwide. *See* Am. Compl. ¶¶ 53, 107, 122. This portion of the *Suarez* opinion is therefore irrelevant.

      Respectfully submitted,

/s/ Andrew C. Shen
Andrew C. Shen
James M. Webster, *pro hac vice*
David L. Schwarz, *pro hac vice*
Bradley E. Oppenheimer, *pro hac vice*
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC  20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
ashen@kellogghansen.com
jwebster@kellogghansen.com
dschwarz@kellogghansen.com
boppenheimer@kellogghansen.com

*Counsel for Relator Adam Hart*

cc: Counsel for Defendants