USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/2021

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM HART,<br><br>          Plaintiff,<br><br>    v.<br><br>MCKESSON CORP., *et al.*,<br><br>          Defendants. | No. 15-Civ-0903 (RA) (JLC) |

### STIPULATION REGARDING PROTECTION OF CONFIDENTIAL INFORMATION

Discovery in this Action is likely to involve the production of documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, commercially sensitive, and/or other non-public or private information.  Accordingly, the parties hereby agree to the following Stipulation Regarding Protection of Confidential Information (also referred to as "this Stipulation") governing the disclosures and use of protected information in this Action.

1.  <u>DEFINITIONS</u>

    1.1 <u>Action</u>:  the above-captioned federal lawsuit.

    1.2 <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Stipulation.

    1.3 <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that contain or reflect material that is highly confidential and/or sensitive in nature, the disclosure of which could cause economic harm or significant competitive or commercial disadvantage to the Disclosing Party.

1.4 <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that contain or reflect non-public, proprietary, trade secret, and/or commercially sensitive material.  Confidential information includes but is not limited to Personally Identifiable Information, Proprietary Information, and Protected Health Information.

1.5 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

1.6 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that are produced in disclosures or in responses to discovery or in connection with depositions as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.7 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

1.8 <u>Document</u>:  items described in Federal Rule of Civil Procedure 34(a)(1)(A) and (B), including but not limited to deposition testimony and discovery responses.

1.9 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

1.10 <u>Final Disposition</u>:  final judgment or dismissal of all claims and defenses in this Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law.

1.11 House Counsel:  attorneys who are employees of a Party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.12 Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

1.13 Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff, including paralegals, contract attorneys, or third-party litigation support services hired by Outside Counsel.

1.14 Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

1.15 Personally Identifiable Information ("PII"):  Social Security numbers, tax identification numbers, birth dates, and financial account numbers for which redacted filings are permitted by Rule 5.2 of the Federal Rules of Civil Procedure.

1.16 Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.17 Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.18 Proprietary Information:  information not already publicly available that (i) constitutes information subject to protection under the Privacy Act, 5 U.S.C. § 552a, or the

Trade Secrets Act, 18 U.S.C. § 1905, or (ii) that is commercially sensitive research, development, or other business information.

1.19 Protected Health Information ("PHI"):  certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number including HIC number) that a party reasonably believes is subject to the Privacy Act, 5 U.S.C. 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, to the provisions of 42 U.S.C. § 1306 and/or any other applicable federal or state law, or for which there may be no waiver by the patient to disclose the information to a person or entity which is not a Party to the Action.

1.20 Protected Material:  any Disclosure or Discovery Material or Document that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Stipulation.

1.21 Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.   SCOPE

2.1 The protections conferred by this Stipulation cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial or in a court hearing shall be governed by the orders of the trial judge.

2.2 Nothing in this Stipulation shall be construed to prejudice any Party's right to use any Protected Material in any court filing, provided that Protected Material be filed under seal.

2.3 This Stipulation is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Stipulation in any way, including, without limitation, an order that certain matter not be produced at all.

3.      <u>DURATION</u>

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Stipulation shall remain in effect until the appropriate Designating Party agrees otherwise in writing or a court order otherwise directs.  The Court shall retain jurisdiction after the conclusion of the Action to hear and resolve any disputes arising out of this Stipulation.

4.      <u>DESIGNATING PROTECTED MATERIAL</u>

4.1 <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as defined and provided for herein:  "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.2 <u>Exercise of Good Faith in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Stipulation must take reasonable care to limit any such designation to material that qualifies under the appropriate standards.  In determining whether information should be designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," each party agrees to use such designation only in good faith.

If a Designating Party subsequently learns that information or items that it designated for protection no longer qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation and provide to all other Parties new copies of the information or items without the erroneous designation.

5

4.3 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulation (*see*, *e.g.*, second paragraph of Paragraph 4.3(a) below), or as otherwise stipulated or ordered, Documents or Disclosure or Discovery Material that qualifies for protection under this Stipulation must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulation requires:

(a) for information in documentary form (e.g., paper or "electronically stored information", as that phrase is used in the Federal Rules of Civil Procedure), that the Producing Party affix the appropriate legend on the material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  For native files designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the appropriate legend shall be added to a slip sheet accompanying the native file.

A Party or Non-Party that makes original Documents available for inspection need not designate them for protection until after the inspecting Party has indicated which Documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the Documents it wants copied and produced, the Producing Party must determine which Documents, or portions thereof, qualify for protection under this Stipulation.  Then, before producing the specified Documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.  If only a portion of the inspected material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

 (b) for testimony given in depositions or any Document used in depositions, that the Designating Party either (i) identify the Disclosure or Discovery Material or Document as protected on the record during the deposition or (ii) identify the Disclosure or Discovery Material or Document as protected by notifying all Outside Counsel of Record and any other counsel present at the deposition in writing within thirty (30) calendar days following receipt of the certified transcript of the deposition, listing the specific pages and lines of the transcript and/or any exhibits or Documents that should be treated as CONFIDENTIAL Information.  All deposition testimony shall be treated as CONFIDENTIAL until a time thirty (30) calendar days after receipt of the certified transcript.  Notwithstanding the above, documents and things already designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall retain their designations, unless the Designating Party withdraws the designation prior to the 30-day deadline set forth in this paragraph.  After a deposition transcript or any Document used in a deposition has been designated as Protected Material, the front of the original and each copy of the deposition transcript shall be marked:  "This deposition transcript includes CONFIDENTIAL INFORMATION SUBJECT TO STIPULATION REGARDING PROTECTION OF CONFIDENTIAL INFORMATION."  If such deposition was videotaped, both the recording storage medium (i.e., CD or DVD) and its container shall also be labeled:  "This deposition transcript includes CONFIDENTIAL INFORMATION SUBJECT TO STIPULATION REGARDING PROTECTION OF CONFIDENTIAL INFORMATION."  Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Stipulation to receive or access Protected Material based on the designation of such

Protected Material.  Such right of exclusion shall be applicable only during periods of

examination or testimony regarding such Protected Material.

      (c) for information produced in some form other than documentary and for any other

tangible items, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information is stored the legend "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the

information warrants protection, the Producing Party, to the extent practicable, shall identify the

protected portion(s).

      4.4 <u>Inadvertent Failures To Designate</u>.  An inadvertent failure to designate qualified

information or items does not, standing alone, waive the Designating Party's right to secure

protection under this Stipulation for such material.  The Designating Party may correct such a

failure to designate by notifying all Receiving parties that such material is protected under this

Stipulation as soon as practicable, and promptly re-producing the identified material with the

correct designation.  Upon receipt of the notice of the failure to designate, the Receiving Party

shall reasonably cooperate to maintain the confidentiality of the previously undesignated

information, without prejudice, and shall treat the identified material as protected information

unless (i) the Parties agree to its non-protected treatment or (ii) the Court, on motion, determines

its appropriate treatment.  Within ten (10) days of receiving the reproduced documents with the

correct designation, the Receiving Party shall return or securely destroy all Discovery Material

that was not designated properly, except the Receiving Party shall not be required to seek

withdrawal of any materials previously filed with the Court attaching or referring to the

information, without prejudice to the Designating Party's right to move the Court for an order

sealing such filings.

5.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.

5.2 Meet and Confer.  The Parties shall meet and confer to try to resolve the dispute in good faith before seeking resolution from the Court.

5.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.      ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, including any amendments to the pleadings and appeals.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation.  When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 12 below (RETURN OR DESTRUCTION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation.

6.2 Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a non-Designating Party (e.g., a Receiving Party) may disclose any information or item designated "CONFIDENTIAL" only to:

9

(a) the Receiving Party's Counsel in this Action, as well as employees or contracted office staff of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) the Relator, Adam Hart, in this action;

(d) Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author, recipient, or any other person shown on the face as having received a copy of a Document containing the Confidential Information;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the witness signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and (2) the witnesses and attorneys for witnesses will not be permitted to keep any "CONFIDENTIAL" Information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  To the extent any party anticipates that a deponent will be shown "CONFIDENTIAL" Information, the party shall request that the witness and the attorneys for the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A)

three business days before the deposition.  If the witness or the attorneys for the witness refuse to

sign the "Acknowledgement and Agreement to Be Bound," the parties will work in good faith to

resolve the issue and raise the issue with the Court if necessary before the deposition.   Pages of

transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be

separately bound by the court reporter and may not be disclosed to anyone except as permitted

under this Stipulation; and

 (j) any mediator or settlement officer, and their supporting personnel, mutually agreed

upon by any of the parties engaged in settlement discussions.

   6.3 <u>Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

non-Designating Party (e.g., a Receiving Party) may disclose any information or item designated

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

   (a) The Receiving Party's Outside Counsel and any copying or clerical litigation support

services working at the direction of such Outside Counsel, provided that any non-attorney third-

party litigation support personnel falling within the definition of "Outside Counsel" agree to be

bound by the provisions of the Stipulation by signing "Acknowledgment and Agreement to Be

Bound" (Exhibit A);

   (b) Up to five House Counsel for the Receiving Party, who are members of at least one

state bar in good standing, with responsibility for managing this Action, provided that each such

person has agreed to be bound by the provisions of the Stipulation by signing "Acknowledgment

and Agreement to Be Bound" (Exhibit A);

   (c) the Relator, Adam Hart, in this action, provided that Mr. Hart has signed the

"Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the witness signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witnesses and attorneys for witnesses will not be permitted to keep any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  To the extent any party anticipates that a deponent will be shown "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information, the party shall request that the witness and the attorneys for the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) three business days before the deposition.  If the witness or the attorneys for the witness refuse to sign the "Acknowledgement and Agreement to Be Bound," the parties will work in good faith to resolve the issue and raise the issue with the Court if necessary before the deposition.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation.  Such notification shall include a copy of this Stipulation; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, including by permitting the Designating Party to move for a protective order regarding the production of Protected Material.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its CONFIDENTIAL material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(a) The terms of this Stipulation are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this Action is

protected by the remedies and relief provided by this Stipulation.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1) promptly notify in writing to the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Stipulation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within fourteen (14) calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation, the

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Stipulation, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" (Exhibit A).

10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
       MATERIAL

       10.1 If a Party or Non-Party inadvertently discloses material subject to the attorney-client

privilege or work product protection, the provisions of Federal Rule of Evidence 502(b) shall

govern the effect of the disclosure.  When a Producing Party gives notice that certain

inadvertently produced information or items are subject to a claim of attorney-client privilege,

work product protection, or other protection, the obligations of the Receiving Party are those set

forth in Federal Rule of Civil Procedure 26(b)(5)(B).

       10.2 If a Receiving Party determines that the Producing Party has produced information

or items subject to a claim of privilege or other protection, the Receiving Party shall notify the

Producing Party and shall not refer to, quote, cite, rely upon, or otherwise use the information or

items subject to claim of privilege or other protection until the Producing Party has had an

opportunity to serve written notice on the Receiving Party in accordance with Paragraph 10.1,

above.  The Receiving Party's notice to the Producing Party under this Paragraph shall not

constitute an admission or acknowledgement that the information is privileged or subject to

protection or that the Producing Party has not waived any such privilege or protection.  This

Paragraph 10.2 does not in any way prevent the Producing Party from later identifying any

Disclosure or Discovery Material or Document as subject to claim of privilege or other

protection or requesting the return, sequestration, or destruction of the Disclosure or Discovery

Material or Document in accordance with Paragraph 10.1. All parties reserve the right to move the Court for an Order pursuant to Federal Rule of Evidence 502(d).

11.    MISCELLANEOUS

11.1 Right to Further Relief.  Nothing in this Stipulation abridges the right of any person to seek its modification by the Court in the future.

11.2 Right To Assert Other Objections.  By agreeing to this Stipulation, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation.

11.3 Filing Protected Material.   To the extent a Party files or proposes to file with the Court any brief, document, material, or portion thereof designated as protected under this Stipulation, the filing Party must comply with all applicable local rules (and the Individual Rules of Judge Abrams or Judge Cott) regarding the filing of documents under seal.  The filing party shall file any brief, document, material, or portion thereof designated as protected under this Stipulation provisionally under seal.  The Designating Party bears the burden of persuading the Court that any brief, document, material, or portion thereof should be permanently sealed.

11.4 A Designating Party may designate, or counter designate with a higher designation, information or items produced in this Action by another Party or Non-Party that contains or is derived from the Designating Party's own protected information.

11.5 Successors.  This Stipulation shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

16

11.6 <u>Document Review</u>.  The existence of this Stipulation may not be used by any party to argue that review of documents is unnecessary or that a designating party need not cull non-responsive, irrelevant or other documents before producing.

12.     <u>RETURN OR DESTRUCTION</u>

Not later than sixty (60) days after the Final Disposition of this Action, each Party shall return all Protected Material to the appropriate Producing Party or destroy such material.  Other Discovery Material must be returned or destroyed within sixty (60) days of the Final Disposition of this Action, at the Producing Party's request.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, outlines, document indexes, correspondence, email archives, deposition and trial exhibits, Expert reports, attorney work product, and consultant and Expert work product, even if such materials contain, summarize, or refer to Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation as set forth in Paragraph 3 (DURATION).

13.     <u>VIOLATION OF STIPULATION</u>

Any violation of this Stipulation may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 4, 2021

/s/ Andrew C. Shen

Attorneys for Relator

DATED: February 4, 2021

/s/ Ethan M. Posner

Attorneys for Defendant

DATED: February 4, 2021

**SO ORDERED.** Dated:

February 9, 2021

JAMES L. COTT
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], hereby acknowledge that I have read in its entirety and understand the Stipulation Regarding Protection of Confidential Information, dated _____ ("Stipulation"), applicable to the case of *United States ex rel. Hart v. McKesson Corp.*, Case No. 15-Civ-0903 (RA) in the United States District Court for the Southern District of New York ("Action").   I agree to comply with and to be bound by all the terms of this Stipulation.  I agree that I will not disclose in any manner any information or item that is subject to this Stipulation to any person or entity except in strict compliance with the provisions of this Stipulation.  I further agree that any documents, materials, or information furnished to me will be used only for the purposes of this Action, including any appeals and for no other purpose.  As soon as my work or involvement in connection with this Action has ended, but no later than thirty (30) days after the termination of this Action, including any appeals, I will promptly return or destroy any documents, materials, or information furnished to me, and any notes or other document that contain information from any Protected Materials I received.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcing the terms of this Stipulation.

Date: _____

Printed name: _____

Signature: _____