**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**Via ECF**                                                                June 14, 2021

Hon. James L. Cott
United States Magistrate Judge
500 Pearl Street, Room 1360
United States Courthouse
New York, NY 10007

      Re:  *United States ex rel. Hart v. McKesson Corp.*, No. 15-Civ-0903 (RA) (JLC)

Dear Judge Cott:

      McKesson writes in response to Relator's letter about the appropriate time period for Phase 1 discovery.  *See* Dkt. 95.  By seeking discovery through May 29, 2020, Relator requests a more than 9-year discovery period for the majority of the 54 requests in Relator's First Set of Requests for Production, with periods extending up to 15 years for certain requests.[1]  The Court should reject this proposal.  There is no basis in Relator's complaint for an expansive discovery period that postdates Relator's McKesson employment by nearly 6 years and the filing of this action by 5 years.  Moreover, requiring McKesson to collect, review, and produce almost a decades' worth of discovery would impose undue burdens on McKesson that are disproportionate to the needs of this case, let alone Phase 1 discovery.

      In contrast, McKesson's proposed time period—January 2011 to February 6, 2015 (i.e., the date the original complaint was filed)—is appropriately grounded in Relator's core allegations and covers Relator's entire McKesson employment through the filing of his complaint.  Unlike Relator's proposal, McKesson's time period is also supported by FCA precedent and consistent with principles of proportionality.

---

[1] Relator requests documents from February 6, 2009 to May 29, 2020 for 42 of his requests.  For these, the parties have agreed to a discovery start-date of January 2011.  Relator also seeks documents beginning in January 2010 for 4 requests, and January 2005 for 8 requests.  The parties continue to discuss the start dates for these 12 requests.

I. <u>Relator's Request is Inconsistent with FCA Practice and the Federal Rules.</u>

The discovery time period in a *qui tam* is controlled by the complaint's specific allegations of FCA liability.  *See U.S. ex rel. Bilotta v. Novartis Pharms. Corp.*, 2015 WL 13649823, at *3 (S.D.N.Y. July 29, 2015) (limiting discovery to "period during which specific instances of wrongdoing have been alleged").  The rationale for letting the complaint guide the discovery period comes from Rule 26's mandate that discovery be "proportional to the needs of the case" when considering "whether the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(1).  Where, as here, a party seeks broad discovery in a time period for which only general allegations of continuing conduct exist, courts have declined to expand the discovery period, concluding it would impose an undue burden.  *Bilotta*, at *3-4.

Guided by Rules 26 and 9(b), courts also frequently limit discovery in FCA cases to the complaint's original filing date.  *See, e.g., U.S. ex rel. Stewart v. Louisiana Clinic*, 2003 WL 21283944, at *8-9 (E.D. La. June 4, 2003) (capping discovery at the filing of relator's original complaint was "clearly appropriate," even though relator amended complaint); *U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, 2008 WL 4057549, at *1-2 & n.2 (M.D. Fla. Aug. 27, 2008) (limiting discovery to complaint's specific allegations and filing date of the original complaint, even though relator amended complaint).  Courts also limit discovery to the period in which a relator allegedly witnessed the conduct that forms the basis of the complaint.  *See, e.g., U.S. ex rel. Regan v. Medtronic, Inc.*, 2000 WL 1478476 (D. Kan. July 13, 2000) (finding requested discovery "to the present" unduly burdensome and limiting discovery to 5-year period approximating relator's employment).[2]  Relator's requested timeframe hews to none of these

---

[2] The two cases on which Relator relies are distinguishable and do not support his requested timeframe. Though *U.S. ex rel. Simms v. Austin Radiological Ass'n* declined to cap discovery at the filing of the lawsuit, the court endorsed a 4 year period ending 60 days after the unsealing of the *original* complaint.  *See* 2013 WL 1136668, at *6-7 (W.D.

June 14, 2021
Page 3

principles, making it inconsistent with the federal rules and disproportionate to the case's needs. Further, the reasoning in these cases, which were decided after the motion to dismiss phase, applies with greater force here where a motion to dismiss is pending.

II.  <u>Relator's Allegations Do Not Justify an Expansive 9-to-15-Year Timeframe.</u>

Relator's proposed 9-to-15-year discovery period is inappropriate because Relator's complaint makes no specific allegations of unlawful conduct after the filing of his original complaint on February 6, 2015. Tellingly, Relator's letter identifies no specific conduct either. To attempt to justify his proposed May 29, 2020 end date, Relator cites language from his complaint that McKesson "***continues to*** give" customers the at-issue tools "at no cost," and the "United States . . . ***continues to*** pay the claims that would not be paid but for Defendants' illegal conduct." *See* Am. Compl. ¶¶ 50, 129 (emphasis added).[3] These phrases are the type of vague, "rote allegations of 'ongoing' illegal activity," that courts regularly reject as a basis to broaden discovery. *See Bilotta*, 2015 WL 13649823, at *3.[4] Relator's footnote references to three other paragraphs of his complaint[5] also provide no more than general, irrelevant information that does

---

Tex. Mar. 18, 2013). Unlike Relator's proposal here, the difference between this end-point and the date of the original complaint was a mere **9 months**. *Id.* By contrast, here, Relator's complaint remained under seal for approximately 5 years while DOJ investigated his allegations. In *U.S. ex rel. Hockaday v. Athens Orthopedic Clinic, P.A.*, the court allowed discovery through the date of the amended complaint for only 3 discovery requests relating to a single issue where the Court determined that the relator adequately alleged continued improper billing. *See* 2020 WL 6880835, at *6 (M.D. Ga. Nov. 23, 2020). No such allegations exist here, and in any event, *Hockaday* does not support wholesale use of a broad time period for 54 wide-ranging document requests.

[3] Relator's letter fails to mention that the latter allegation is copy-pasted verbatim in each of the complaint's counts. *See* Am. Compl. ¶¶ 137, 145, 153, 161, 169, 177, 185, 193, 201, 209, 217, 225, 233, 241, 249, 257, 265, 273, 281, 289, 297, 305, 313, 321, 329, 337, 345, 353. The boilerplate nature of this allegation only underscores that it should not be credited as the type of specific allegation that warrants extending the time period to May 29, 2020.

[4] *See also U.S. ex rel. King v. Solvay S.A.*, 2013 WL 820498, at *4 (S.D. Tex. Mar. 5, 2013) (finding relator's "few generalized allegations that conduct continued 'to the present'" insufficient to justify untargeted discovery).

[5] *See* Am. Compl. ¶ 17 (allegation about McKesson Corporation's reported revenues for "year ending March 31, 2019"); *id.* ¶ 52 (allegation about the continued maintenance of the MA by an employee "through June 2015"); *id.* ¶ 121 (allegation about "open market" customers' submission of "hundreds of millions of dollars" in reimbursement claims "between 2012 and November 30, 2017"). Relator also states that "McKesson conceded that it is not aware

not justify extending discovery.  *See* Dkt. 95 at 3 n.3.  Finally, the declaration attached to McKesson's motion to dismiss, which references a page of McKesson's website mentioning that the RP exists, does not support that an alleged kickback scheme is ongoing, cannot justify 5 extra years of discovery, and is not part of Relator's complaint, which controls the scope of discovery.

Left with nothing else, Relator cites and quotes from documents that McKesson produced to DOJ in response to the CID.  As McKesson has warned, Relator is improperly trying to use the CID production to expand the scope of this case beyond what he has alleged—and potentially circumvent Rule 9(b)—before a motion to dismiss has been decided.[6]  The Court should refuse to expand the scope of discovery on this basis.  Relator's complaint governs discovery, not documents subsequently produced to DOJ.  In short, neither the claims Relator pled, nor the documents Relator cites (which are all from 2015) supports discovery through May 2020.

III.     Relator's 9+ Year Timeframe Is Unduly Burdensome and Unnecessary.

It would be unduly burdensome at this phase of discovery to require McKesson to collect, review, and produce materials that postdate—and are irrelevant to—any of the specific factual allegations in Relator's complaint by more than 5 years.  McKesson has already agreed to collect ESI for 9 custodians who are most likely to have knowledge about how the MA and RP were used with Phase 1 practices, and is continuing to consider additional proposed custodians.  After initially proposing a 3-year discovery period that covered Relator's employment, McKesson attempted to compromise by agreeing to a 4+ year period running through the filing of the complaint.  This timeframe covers the period in which the at-issue tools were allegedly used with

---

of any material changes in its sales practices." Dkt. 95 at 2.  McKesson's counsels' statement that they did not have information available about changes was clearly not a concession by McKesson that no changes had been made.

[6] McKesson maintains its position that Relator's citing of CID documents in this letter constitutes "using" them in this case, which Relator represented he was prohibited from doing.  *See* Dkt. No. 79, at 24.

Phase 1 customers, including when the MA was first offered, *see* Am. Compl. ¶ 52, and the 3 years when Relator worked at McKesson and allegedly observed the activities on which he premises his claims, *see id*. ¶¶ 14, 48, 114.  The parties are currently negotiating search terms in order to identify and produce what McKesson anticipates will be hundreds of thousands of pages of documents targeted to the allegations in the complaint.

Nonetheless, Relator seeks to **more than double** McKesson's proposed compromise time period, which will considerably magnify the already substantial, and one-sided, burdens. Though Relator maintains, without evidence, that McKesson's burden will be minimal, the one case he cites to support his argument actually <u>adopted the end date McKesson proposes—the date of the filing of the original complaint.</u>  *U.S. ex rel. Walker v. R&F Props. of Lake Cty., Inc.*, 433 F.3d 1349, 1358-59 (11th Cir. 2005) (reversing district court order limiting scope to relator's employment, but denying discovery to the present and limiting it to date of original complaint).

Finally, Relator's arguments about why McKesson's proposed time period is inadequate are baseless.  Relator offers no reason why he needs 9+ years' of discovery (and possibly 15 years for some requests) to find evidence of the kickback scheme he alleges; let alone why 9+ years' of discovery is necessary for Phase 1.  As other courts that have adopted McKesson's proposed approach have recognized, if the scheme Relator alleges existed, and it does not, it would be apparent within McKesson's 4+ year period, which includes the 3 years during which Relator claims he allegedly witnessed the scheme, and the period which formed the basis of his complaint.  Relator's concerns about potential "inefficiency" ignore the inefficiency of his own proposal if he were allowed to take 9+ years of extensive discovery on claims that he cannot even substantiate for the 4+ year period McKesson proposes.  Relator will receive "full-bore" discovery as to the 13 Phase 1 practices during the period his complaint alleges a fraud existed.

        Respectfully Submitted,

        */s/ Ethan M. Posner*
        Ethan M. Posner
        Shanya J. Dingle
        Krysten Rosen Moller
        COVINGTON & BURLING LLP
        850 Tenth Street, NW
        Washington, DC 20001
        eposner@cov.com
        sdingle@cov.com
        krosenmoller@cov.com

        Elisa Solomon
        COVINGTON & BURLING LLP
        The New York Times Building
        620 Eighth Avenue
        New York, New York 10018
        esolomon@cov.com

        *Counsel for Defendants*