**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**Via ECF**                                                                                   June 22, 2022

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

      Re:  *United States ex rel. Hart v. McKesson Corp.*, No. 15-Civ-0903 (RA) (JLC)

Dear Judge Abrams:

      Pursuant to the Court's Individual Rules 5.A.ii. and 5.A.iii., Defendants McKesson Corporation, McKesson Specialty Distribution LLC, McKesson Specialty Care Distribution Corporation (collectively "Defendants" or "McKesson") respectfully submit this letter-motion in support of permanently redacting portions of the Second Amended Complaint ("SAC") in the above-captioned case.  *See* Dkt. 160; Dkt. 159 (unredacted version).  Alongside the filing of the SAC, Relator filed a letter-motion requesting that the Court permit portions of the SAC to be filed provisionally under seal.  Dkt. 157.  The Court granted Relator's request on June 9, 2022.  Dkt. 161.  McKesson now requests that the provisionally sealed redactions in the SAC and attached appendices be made permanent.

      As the Court will recall, while Defendant's motion to dismiss the First Amended Complaint was pending, the Court ordered that the parties proceed with discovery.  Dkt. 76.  Thus, this is an unusual situation where the parties conducted approximately a year of fact discovery before the Court granted McKesson's motion to dismiss.  Dkt. 155.

      Relator has now sought to amend his complaint for a second time.  The additional allegations included in the Second Amended Complaint are drawn primarily from internal McKesson documents.  Dkts. 160, 159.  Many of these documents were originally produced by

June 22, 2022
Page 2

McKesson to the Department of Justice ("DoJ") with a confidentiality designation, consistent with 31 U.S.C § 3733, which limits use of documents produced in response to a civil investigative demand. *See, e.g.*, 31 U.S.C § 3733(i)(2)(C) (limiting the availability of documentary material produced to the Department of Justice pursuant to a CID). Other references in the new Second Amended Complaint cite documents produced to Relator during the discovery that preceded the Court's grant of McKesson's motion to dismiss. These documents were marked "Confidential" pursuant to the Parties' protective order because they concern proprietary information about McKesson's business tools and sales practices. *See* Dkt. 78. McKesson requests that all of the allegations based on these confidential documents remain permanently under seal.

The requested redactions are narrowly tailored and focused strictly on portions of the SAC that concern proprietary commercial information, and are therefore permissible under *Lugosch v. Pyramid Co. of Onondaga* and other established precedent. *See* 435 F.3d 110, 124 (2d Cir. 2006) (holding "judicial documents" are afforded rebuttable presumption of public access that can be overcome where "sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim"); *Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, 2018 WL 4253181, at *2 n.1 (S.D.N.Y. Sept. 5, 2018) (finding proposed redactions in post-trial submissions appropriate under *Lugosch* because they were "'narrowly tailored' to serve the parties' privacy interests in maintaining the confidentiality of their proprietary and competitively sensitive information"); *Standard & Poor's Corp. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1277 (S.D.N.Y. 1982) (finding limited redactions justified where redactions were tailored to protecting party's commercial information).

Specifically, the redactions protect information about McKesson's internal business and sales strategies, including information derived from executive presentations, proprietary sales tools, internal training programs, confidential business modeling, and internal emails. Many of the paragraphs that McKesson seeks to permanently redact quote directly from McKesson's confidential documents. For example, paragraphs 77, 126, 129, 131, 139, and 141 quote from emails and documents that reveal commercially sensitive information about McKesson's communications with customers, including materials used by McKesson employees with customers, and trainings regarding those materials. In paragraphs 135, 137, and 160, Relator refers to and quotes a confidential business analysis performed for a segment of McKesson by an external consultant. Additionally, paragraphs 112, 121, and 138 quotes emails and presentations reflecting internal business strategies and deliberations. The proposed redactions therefore contain assessments of McKesson's business and sales strategies and internal deliberations about business and sales practices. This material should remain permanently under seal.

Finally, the permanent redaction of portions of the Second Amended Complaint containing the above described confidential material is appropriate here because it is narrowly tailored to serve McKesson's privacy interests in protecting its proprietary information, while the limited nature of the redactions—only to material taken directly from McKesson's confidential documents—does not hinder the public's access to the allegations or claims asserted by Relator.

McKesson therefore respectfully requests that the Court order that the unredacted SAC remain under seal permanently (Dkt. 159), and order that the redactions reflected in the publicly-filed SAC (Dkt. 160), which protect from disclosure a limited set of herein identified references relating to McKesson's confidential business information, be made permanent.

          Respectfully submitted,

          */s/ Ethan M. Posner*
          Ethan M. Posner
          Krysten Rosen Moller
          COVINGTON & BURLING LLP
          850 Tenth Street, NW
          Washington, DC 20001
          eposner@cov.com
          krosenmoller@cov.com

          Thomas E. Garten
          COVINGTON & BURLING LLP
          3000 El Camino Real
          5 Palo Alto Square
          Palo Alto, CA 94306
          tgarten@cov.com

          *Counsel for Defendants*

Application denied.

The proposed redactions are not narrowly tailored to protect Defendants' privacy interests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Among other things, the designation of McKesson's documents as "confidential" is insufficient on its own to overcome the presumption of public access. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015) ("[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document."). Moreover, McKesson's privacy interest in protecting its internal business and sales strategies does not warrant the permanent sealing of the substantial portions of the Second Amended Complaint that describe the core of the alleged wrongdoing. *See Brandon v. NPG Recs., Inc.*, No. 1:19-CV-01923 (GHW), 2020 WL 2086008, at *11 (S.D.N.Y. Apr. 30, 2020), *aff'd*, 840 F. App'x 605 (2d Cir. 2020) (denying sealing request where "Plaintiff's only justification for sealing [was] that the information 'contains proprietary business information which is generally not available to the public and/or is information that is subject to confidentiality agreements.'").

Accordingly, the application to permanently seal the Second Amended Complaint is denied. Defendants may, however, file proposed redactions that are more narrowly tailored to its asserted interests by July 8, 2022.

SO ORDERED.

_____
Hon. Ronnie Abrams
06/24/22