UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA *et al.*,

Plaintiffs,

v.

MCKESSON CORPORATION, MCKESSON SPECIALTY DISTRIBUTION LLC, and MCKESSON SPECIALTY CARE DISTRIBUTION CORPORATION,

Defendants.

No. 15-cv-903 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On March 12, 2024, the Second Circuit affirmed this Court's dismissal of Relator Adam Hart's federal False Claims Act claims but vacated its dismissal of Hart's state-law claims with instructions to consider whether to exercise supplemental jurisdiction over them under 28 U.S.C. § 1367(c). *See* Dkt. 198 at 38 n.17. At Hart's request, the Court then stayed proceedings pending the Supreme Court's resolution of his petition for a writ of certiorari. *See* Dkt. 203. If the Supreme Court denied the petition, the parties were to submit letters explaining whether the Court should exercise supplemental jurisdiction over the state-law claims. *See id.*

On October 8, 2024, the parties notified the Court that the Supreme Court had denied Hart's petition. *See* Dkt. 206. Shortly thereafter, each party filed a letter urging the Court to decline to exercise supplemental jurisdiction over the state-law claims. *See* Dkt. 207 (Defendants' letter); 208 (Hart's letter).

The Court agrees that exercising supplemental jurisdiction over the state-law claims would be inappropriate here. All federal claims have been dismissed and this case is nowhere near trial.

*See Oneida Indian Nation of N.Y. v. Madison County*, 665 F.3d 408, 437 (2d Cir. 2011) ("[I]f a plaintiff's federal claims are dismissed before trial, the state[-]law claims should be dismissed as well." (internal quotation marks omitted)); *see also* 28 U.S.C. § 1376(c)(3) (granting a district court discretion to decline supplemental jurisdiction once it "has dismissed all claims over which it has original jurisdiction"). Adjudicating the state-law claims would also require the Court to separately interpret false claim statutes in 28 states, precisely the sort of "novel or complex issue of State law" that counsels against exercising supplemental jurisdiction. *See* § 1367(c)(2).

For these reasons, the Court declines to exercise supplemental jurisdiction over the state-law claims. The Court thus dismisses the state-law claims without prejudice to refiling them in state court. *See Oneida Indian Nation*, 665 F.3d at 440. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and close the case.

SO ORDERED.

Dated:   October 31, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge